**UNITED STATES JUDICIAL PANEL**
on
**MULTIDISTRICT LITIGATION**

| | |
|---|---:|
| **IN RE: CROP INPUTS** <br> **ANTITRUST LITIGATION** | MDL No. 2993 |

**TRANSFER ORDER**

**Before the Panel:**[*] Plaintiffs in five Southern District of Illinois actions move under 28 U.S.C. § 1407 to centralize this litigation in the Southern District of Illinois. Plaintiffs' motion includes the thirteen actions listed on Schedule A, as well as eleven potentially-related actions pending in four districts.[1] Plaintiffs' motion is supported in its entirety by plaintiffs in the Southern District of Illinois *Duncan* and *Vienna Eqho Farms* actions. Plaintiffs in five District of Minnesota actions, the District of Kansas action, and potential tag-along actions in the District of Minnesota (seven actions), the District of Idaho (one action) and the Eastern District of Pennsylvania (one action) support centralization in the District of Minnesota. Defendants[2] support centralization in the Eastern District of Missouri or, alternatively, the District of Minnesota.

After considering the argument of counsel,[3] we find that centralization of these actions in the Eastern District of Missouri will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The actions involve common factual allegations about defendants' anticompetitive conduct, including a group boycott of electronic sales platforms and price fixing in the manufacturing, wholesaling, and retailing of crop inputs – *i.e.*, seeds and chemicals such as fungicides, herbicides, and insecticides. Plaintiffs variously bring claims for violation of Section 1 of the Sherman Antitrust Act, analogous state antitrust statutes,

---

[*] Judge David C. Norton did not participate in the decision of this matter.

[1] These actions, and any other related actions, are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2.

[2] Winfield Solutions, LLC, BASF Corporation, Bayer CropScience, LP, Bayer Cropscience Inc., CHS Inc., Cargill Incorporated, Corteva Inc., Federated Co-Operatives Ltd., Growmark Inc., Nutrien AG Solutions Inc., Pioneer Hi-Bred International, Inc., Simplot AB Retail Sub, Inc., Syngenta Corporation, Tenkoz Inc., Univar Solutions, Inc., and Growmark FS, LLC.

[3] In light of the concerns about the spread of COVID-19 virus (coronavirus), the Panel heard oral argument by videoconference at its hearing session of May 27, 2021. *See* Suppl. Notice of Hearing Session, MDL No. 2993 (J.P.M.L. May 10, 2021), ECF No. 131.

and consumer protection laws, and for common law claims such as unjust enrichment. Plaintiffs seek to represent nationwide classes of crop input purchasers. All actions are in their relative infancy, and all parties support centralization, though they disagree as to the selection of a transferee forum. Centralization will eliminate duplicative discovery; avoid inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary.

While any number of proposed transferee districts could handle this litigation ably, we are persuaded that the Eastern District of Missouri is the appropriate transferee district for this dispute. The Eastern District of Missouri is where the Bayer CropScience defendants are based. Several other defendants also have a significant presence in Missouri. Documents and witnesses relevant to plaintiffs' claims may be found there. Moreover, centralization in this district allows us to assign these cases to a jurist, Judge Stephen R. Clark, Sr., who has not yet had the opportunity to preside over multidistrict litigation. We are confident that Judge Clark will steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Eastern District of Missouri are transferred to the Eastern District of Missouri and, with the consent of that court, assigned to the Honorable Stephen R. Clark, Sr., for coordinated or consolidated proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

Catherine D. Perry          Nathaniel M. Gorton
Matthew F. Kennelly         Roger T. Benitez
Dale A. Kimball

**IN RE: CROP INPUTS**                                                       MDL No. 2993
**ANTITRUST LITIGATION**

## SCHEDULE A

Southern District of Illinois

PIPER v. BAYER CROPSCIENCE LP, ET AL., C.A. No. 3:21−00021
SWANSON v. BAYER CROPSCIENCE LP, ET AL., C.A. No. 3:21−00046
LEX v. BAYER CROPSCIENCE LP, ET AL., C.A. No. 3:21−00122
DUNCAN v. BAYER CROPSCIENCE LP, ET AL., C.A. No. 3:21−00158
JONES PLANTING CO. III v. BAYER CROPSCIENCE LP, ET AL., C.A. No. 3:21−00173
CANJAR v. BAYER CROPSCIENCE LP, ET AL., C.A. No. 3:21−00181
VIENNA EQHO FARMS v. BAYER CROPSCIENCE, INC., ET AL., C.A. No. 3:21−00204

District of Kansas

BUDDE v. SYNGENTA CORPORATION, ET AL., C.A. No. 2:21−02095

District of Minnesota

HANDWERK v. BAYER CROPSCIENCE LP, ET AL., C.A. No. 0:21−00351
FLATEN v. BAYER CROPSCIENCE LP, ET AL., C.A. No. 0:21−00404
RYAN BROS., INC., ET AL. v. BAYER CROPSCIENCE LP, ET AL., C.A. No. 0:21−00433
PFAFF v. BAYER CROPSCIENCE LP, ET AL., C.A. No. 0:21−00462
CARLSON v. BAYER CROPSCIENCE LP, ET AL., C.A. No. 0:21−00475